IN RE APPROPRIATION OF EASEMENTS FOR HIGHWAY PURPOSES.

[Cite as In re Appropriation of Easements, 8 Ohio App. 2d 219.]

(No. 9536—Decided December 21, 1964.)

*Mr. William B. Saxbe,* attorney general, and *Mr. James L. Ostrander,* for the state of Ohio.

*Messrs. Paxton & Seasongood,* for appellants.

HOVER, P. J. This is an appeal on questions of law by a property owner from a judgment rendered on a jury verdict fixing the value of land taken for highway purposes and damages to certain adjoining property not actually taken. Approximately a 15-acre tract is involved, consisting of a triangle at the northwest corner of a much larger tract of land owned by appellants.

The jury finding was approximately $1,000 per acre, both for the approximately 11 acres actually taken and for the remaining four acres which were damaged to the point of uselessness since the actual taking caused the remaining four acres of

the triangle to become landlocked because of the nonaccess status of the proposed highway.

Of the numerous assignments of error, consideration of only one (the third) is sufficient to dispose of the appeal. In their third assignment of error, appellants claim that the court erred in permitting the testimony of one expert witness relative to a so-called comparable sale to be received by the jury, and refused to permit contrary testimony as to a sale of the identical land from another expert called by the property owner.

A brief examination of the record will demonstrate how the question arises. Witness Weed was called as an expert by the state. On cross-examination he was asked whether or not "there were any comparable sales in this neighborhood to the property of Mr. Rhodes."

"A. Yes, and I would like the privilege of qualifying that.

"Q. Let me ask you another question.

"The Court: I don't know that this calls for an explanation at the moment. He says he has comparables and unless counsel wants him to go into it * * *.

"Q. Are there sales of acreage property? A. I have one sale of 45.11 acres which could be adapted as a unit to this one.

"Q. What is your next large assemblage? A. This comparable I am speaking of was the Blong interest and Hoffman interest, who bought the southeast corner of Fields-Ertel Road, excluding two acres on the corner, 45.11 acres at $45,000 or $997.56 per acre, and when you add in the small house with it they paid an additional sum to get it on the corner, it ran up to 46.71 acres.

"Q. Who bought that? A. Tom Blong, Herbert C. Hoffman, on September 29, 1960, and for an investment."

This testimony was permitted to go to the jury without objection, even though the witness had not been challenged as to whether the sale in question was actually comparable. The information provided by the last two answers was unresponsive to the question and was a voluntary offering on the part of the witness.

This, under the general rules relative to the latitude allowed the trial court in the admission and rejection of evidence of value in appropriation cases (as pointed out by the Supreme

Court in *Ohio Turnpike Commission* v. *Ellis,* 164 Ohio St. 377, at page 382), would not normally constitute prejudicial error.

However, the record in this case is clear that the detailed statement as to the comparable tract was not only of questionable admissibility, but was, on the basis of evidence subsequently proffered by the property owner and refused, actually wrong.

Expert witness Oelerich, called in rebuttal on this point by the property owner, testified that he had actual knowledge of a recent sale of exactly the same tract of land. The property about which the witness claimed to have personal knowledge as to a recent sale, was property belonging to Messrs. Blong and Hoffman located at the southeast corner of Fields-Ertel and Snyder Roads. He testified the property had been acquired in October of 1960, and was asked whether he knew the purchase price at that time. This was objected to, and the court ruled that he could answer yes or no but could not give the purchase price, holding that there first had to be a showing that the 1960 sale was at the fair market value and was a comparable property. The court so ruled in spite of the fact that the jury had already received from the state's witness Weed full detail relative to the 1960 purchase price of this exact tract, thus refusing, by way of rebuttal, testimony on exactly the same property and transaction received from Weed.

The court further refused to receive from expert Oelerich additional testimony concerning this same tract to the effect that there had been a later sale in 1963, at almost the same time as the date of the hearing. In this almost simultaneous sale, the witness proffered testimony that the total price figured approximately $1,500 an acre.

It will thus be seen that because of this peculiar combination of circumstances, the jury was permitted to hear testimony of questionable competency which was, in addition, apparently wrong, but did not receive evidence offered to render the comparable sale on the same tract of land admissible and which testimony was, in addition, allegedly more accurate as to current value.

The questionable competency of the evidence volunteered by the witness Weed, coupled with its apparent inaccuracy, and topped off with the refusal to entertain similar testimony of

probably greater accuracy, created a situation in which there was not only possible error but also distinct prejudice to the property owner.

The subject matter and judicial handling of comparable sales is discussed in detail in 18 American Jurisprudence 994, Eminent Domain, Section 351, and Supplement.

It might be observed in closing, whether coincidental or not, that the actual finding of the jury was almost identical in dollars with the inaccurate figure submitted for the alleged comparable transaction by the witness Weed. Compare, in this respect, a recent decision of the Court of Appeals for Auglaize County, *In re Appropriation by Dir. of Highways*, 120 Ohio App. 273, where the court set aside a verdict wherein an expert witness was merely permitted to testify as to his conclusion that his estimate "would be a total, just and fair award." That court notes in passing that the award which was based upon a large amount of conflicting testimony, nevertheless, by coincidence or possible over-emphasis, was in the approximate same figure as the estimate which had been improperly characterized by the expert witness.

For these reasons, the judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

HILDEBRANDT, J., concurs.
LONG, J., not participating in the judgment.